UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MARK P. LOBRE                                                          CIVIL ACTION

VERSUS                                                                 NO. 22-3970

PLAQUEMINES PARISH                                                     SECTION M (5)
GOVERNMENT OPERATIONS
DEPARTMENT, *et al.*

## ORDER & REASONS

Before the Court is a motion to remand filed by plaintiff Mark P. Lobre arguing that, because this Court has dismissed all federal claims over which it had original jurisdiction, it should exercise its discretion under 28 U.S.C. § 1367 to decline supplemental jurisdiction over the remaining state-law claims.[1] Defendant Stolthaven New Orleans, LLC responded that it does not oppose remand.[2] And defendants Scott Rousselle and the Plaquemine Parish Government did not file a response. Considering the parties' memoranda, the record, and the applicable law, the Court issues this Order & Reasons granting the motion to remand.

Under 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction if, as here, it "has dismissed all claims over which it has original jurisdiction." "District courts enjoy wide discretion in determining whether to retain supplemental jurisdiction over a state claim once all federal claims are dismissed." *Noble v. White*, 996 F.2d 797, 799 (5th Cir. 1993). In making this decision, courts consider "the common-law factors of 'judicial economy, convenience, fairness, and comity.'" *Manyweather v. Woodlawn Manor, Inc.*, 40 F.4th 237, 246 (5th Cir. 2022) (quoting *Heggemeier v. Caldwell Cnty.*, 826 F.3d 861, 872 (5th Cir.

---

[1] R. Doc. 22.
[2] R. Doc. 24.

2016)). "These interests are to be considered on a case-by-case basis, and no single factor is dispositive." *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008). "Applying those factors, [the Fifth Circuit holds] that a court generally 'should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial.'" *Manyweather*, 40 F.4th at 246 (quoting *Heggemeier*, 826 F.3d at 872). As this case is in its early stages, these factors favor applying this general rule here. Thus, the Court declines to exercise supplemental jurisdiction over the state-law claims. Accordingly,

IT IS ORDERED that plaintiff's motion to remand (R. Doc. 22) is GRANTED, and this matter is REMANDED to the 25th Judicial District Court, Parish of Plaquemines, State of Louisiana.

New Orleans, Louisiana, this 2nd day of March, 2023.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE